'FILED
SUPERIOR COURT
OF GUAM

2023 JUL 31 PM 4:48

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>            Plaintiff,<br><br>v.<br><br>ANTHONY BOAZ<br>(*aka* TONY BOUAS)<br>(*aka* TONY BOAZ)<br>(*aka* BOAZA TONY)<br>(*aka* ANTHONY POAC)<br>(*aka* ANTHONY PANAPACHIO)<br>(*aka* JOHN DOE),<br>DOB: 06/12/1976<br><br>            Defendant. | Criminal Case No. CF0285-18<br>GPD Report Nos. 18-13452<br><br><br><br>DECISION AND ORDER<br>GRANTING REVOCATION OF<br>PROBATION |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 4, 2023 for a Revocation Hearing in the above-captioned case related to Anthony Boaz's (*aka* Tony Bouas's) (*aka* Tony Boaz's) (*aka* Boaza Tony's) (*aka* Anthony Poac's) (*aka* Anthony Panapachio's) (*aka* John Doe's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Christine Tenorio. Having duly considered the Parties' briefs, arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On August 17, 2020, Defendant pled guilty to Criminal Mischief (as a Misdemeanor), as a lesser-included offense to Criminal Mischief (as a 3rd Degree Felony). See Judgment of Conviction (Sep. 30, 2020). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office for intake and processing as ordered.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **COMMUNITY SERVICE:** Defendant shall complete one hundred eighty (180) hours of community service under the direction of the Adult Probation Office.

- **FINE:** Defendant shall pay a fine of two hundred fifty dollars ($250.00).

- **COURT COSTS:** Defendant shall pay court costs of eighty dollars ($80.00).

Id.

Defendant almost immediately began violating conditions of his probation when he failed to report to the Adult Probation Office for his scheduled intake and processing. See 1st Violation Report (Nov. 30, 2020). On February 25, 2021, Defendant was arrested for his failure to report to the Adult Probation Office, and was released on March 5, 2021 with orders to immediately

report to the Adult Probation Office. See Return of Warrant (Feb. 26, 2021); Release From Confinement (Mar. 5, 2021).

However, Defendant again violated the conditions of his release when he failed to report to the Adult Probation Office after his March 5, 2021 release. See 2nd Violation Report (May 24, 2021).

Defendant committed his third and fourth violations when he was charged with Resisting Arrest (as a Misdemeanor) and Criminal Trespass (as a Petty Misdemeanor) in CM0210-21, and Criminal Mischief (as a 3rd Degree Felony) and Criminal Mischief (as a Misdemeanor) in CF0325-21. See 3rd Violation Report (Jun. 29, 2021); 4th Violation Report (Jul. 26, 2021). Defendant was ultimately convicted of Criminal Mischief (as a Misdemeanor) in CF0325-21 and Criminal Trespass (as a Petty Misdemeanor) in CM0210-21. See CF0325-21 & CM0210-21 Judgment of Conviction (Oct. 14, 2021).

Defendant again violated his conditions of probation when in February 2022 it was revealed that Defendant hadn't reported to the Adult Probation Office since 2021, Defendant still hadn't reported to CSFC for his intake appointment, Defendant hadn't completed a single hour of community service, and that Defendant hadn't made any progress in paying off either his fine or his court costs. See Fifth Violation Report (Feb. 9, 2022).

Defendant continued to disobey the laws of Guam when in May 2022 he was indicted on charges of Assault on a Peace Officer (as a 3rd Degree Felony), Criminal Mischief (as a Misdemeanor), and Resisting Arrest (as a Misdemeanor) in CF0282-22. See Sixth Violation Report (Apr. 28, 2022).

On March 31, 2023, the People filed their request to revoke Defendant's probation and impose sentence. See People's Motion for Revocation and Imposition of Sentence (Mar. 31,

2023). Defendant filed an opposition stating that he will comply by his probationary terms in the future making revocation inappropriate, and that alternatively the case should be closed because his new case (CF0282-22) was transferred to Mental Health Court). See Opposition to People's Motion for Revocation of Probation (Apr. 10, 2023).

The Court held a Revocation Hearing on May 4, 2023. The Court then took the matter under advisement. See Minute Entry (May. 4, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id*. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to report to the Probation Office, failing to report to CSFC for intake and assessment, failing to complete his ordered community service, failing to pay off any of his fines or court costs, and failing to obey the laws of Guam.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant accumulated several Violation Reports, showing a continuous and ongoing disregard towards following his probationary terms. These violations started almost immediately after Defendant's plea deal, as Defendant failed to even report to the Adult Probation Office or CSFC for his scheduled intake and assessments. Defendant also has made zero progress in completing his community service hours or paying off any of his fines or court costs. Defendant's violations do not stop there, and Defendant has since been charged in three separate criminal cases since he initially went on probation.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Anthony Boaz's (*aka* Tony Bouas's) (*aka* Tony Boaz's) (*aka* Boaza Tony's) (*aka* Anthony Poac's) (*aka* Anthony Panapachio's) (*aka* John Doe's) ("Defendant's") probation in the above-captioned case. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned cases.

**IT IS SO ORDERED** on this ___July 31, 2023___

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
___*AG, POSC*___

Date:__7·31·23__ Time: __5:14pm__
_____

Deputy Clerk, Superior Court of Guam